ACCEPTED
06-14-00221-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
5/25/2015 2:59:31 PM
DEBBIE AUTREY
CLERK

No.06 -14-00221-CR

**COURT OF APPEALS**
**SIXTH DISTRICT OF TEXAS**
**TEXARKANA**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

5/26/2015 9:29:00 AM

DEBBIE AUTREY
Clerk

**Brian Woodard**
*Appellant*
vs
**The State of Texas**
*Appellee*

_____

APPEAL FROM THE 254TH DISTRICT COURT OF HUNT
COUNTY, TEXAS
RICHARD BEACOM, PRESIDING

_____

# BRIEF OF APPELLANT

_____

Charles E. Perry
State Bar No. 15799700
1101 Main Street
P.O. Box 720
Commerce, Texas 75429
Tel. 903-886-0774
Fax. 903-886-2043
Cell. 940-613-8439
**Attorney for Mr. Woodard**

## IDENTITY OF PARTIES AND COUNSEL

**APPELLANT:**
BRAIN  EUGENE WOODARD
BUSTER COLE UNIT, 3801 SILO ROAD ROAD
BONHAM, TEXAS 75418


**ATTORNEY FOR APPELLANT**

On Appeal:

Charles E. Perry
State Bar of Texas No. 15799700
1101 Main Street
Commerce, Texas 75429


**ATTORNEY FOR THE STATE OF TEXAS**


G. Calvin Grogan
Assistant District Attorney Hunt County
2500 Lee Street,
Greenville, Texas 75440

# Table of Contents

Identity of parties and counsel………………….........................................ii
Table of Contents…………………………………………………………………iii
Index of Authorities…………………………………………………….iv

I.Statement of the Case…………………………………………………………1

II.Statement Regarding Oral Argument………………………………………………1

III.Issues Presented………………………………………………………. 1-2

IV.Statement of Facts…………………………………………………………….2

V.Summary of the Argument…………………………………....……………3&4

VI.Argument and Authorities…………………………………………………4

1.The trial court committed reversible error in admitting the testimony of officer Zane Rhone with respect to the stop and search for drugs since there was no probable cause to stop the Appellant and the automobile the Appellant was driving.
2.The trial court committed reversible error in admitting and considering the testimony of officer Zane Rhone with respect to the stop and search for drugs after he finished or should have finished his duties with respect to the traffic citation for which the Appellant was stopped.

VII. Conclusion and Prayer……………………………………...……………..8

Signature………………………………………………………… 8

Certificate of Service………………………………………………...…9

**Index to Authorities**

*Cases*:

Caballas v.United States, 405 U.S. 405(2005)…………………………..….6&7
Delaware v.Prause, 440 U.S. 675 at 686………………………………………7
Florida v. Royer, 460 U.S. 491, 500 (1983)…………………………………….6
Ford v. State, 158 S.W.3d 488(Tex.Crim.App.2005)………………………..….5
Rodriguez v. United States, 575 U.S. ___ (2015)…………………..……4&8
Terry v. Ohio, 392 U.S. 1(1968…………………………………………..……6
United States v. Sharp,470 U.S. 675 at 686……………………………….6&7
United States v. Smith, 799 F.3d 704, 708(11th Cir.1986)………………..….6
Walters v. State, 247 S.W. 3d 204, 218(Tex. Crim. App. 2007)…………………4

*Statutes*:

Ohio Revised Code section  4501;4503.19-22;4513.02………………………3&6
Texas Transportation Code section 545. 062……………………………… 5
          504.945……………………….........................................................2

*United States Constitution*
Article IV section 1-Full Faith and Credit Clause…………………………..……3&6
Fourth Amendment-Unreasonable Search and Seizure………………………..…8

I.  **STATEMENT OF THE CASE** This case involves Brian Eugene Woodard who was charged and indicted with the felony offense of possession of a controlled substance, namely cocaine, in an amount of 400 grams or more .(CR 8). He was tried before the 196th District Court of Hunt County, Texas without a jury beginning on October 20, 2014, 2014(See RR, V1-8). He was found guilty and sentenced to 40 years in the Institutional Division of the Texas Department of Criminal Justice on December 4, 2014. (CR 93-96). At trial, the defense raised and completed the requirements for a necessary defense. The trial judge denied this request. This appeal follows.

II.  **STATEMENT REGARDING ORAL ARGUMENT**

The Appellant does not request Oral Argument.

III.  **ISSUES PRESENTED**

The issues presented for review are:

1. The trial court committed reversible error in admitting the testimony of officer Zane Rhone with respect to the stop and search for drugs since there was no probable cause to stop the Appellant and the automobile Appellant was driving.

2. The trial court committed reversible error in admitting and considering the testimony of officer Zane Rhone with respect to the stop and search for drugs after

he finished or should have finished his duties with respect to the traffic citation for which the Appellant was stopped.

## IV. STATEMENT OF THE FACTS

Officer Zane Rhone was working on I-30 in Greenville, Hunt County, Texas when he first observed the Appellants car. (RR, p.11/19-25; p.12/1-25)The Appellant was stopped by DPS officer Zane Rhone for following to close and not being able to read the name of the State on the license plate (RR p. 12/21-25;p.13/1-4;13/5-12. Officer Rhone testified the law prohibits more than half of the name of the state from being obscured.(RR p. 13/17-22). Officer Rhone testified that the Appellant was following to close to come to a stop to keep from colliding.(RR p.13/23-25;p.14/1-2;14/3-25) His testimony placed the Appellant at 40 feet from the car in front when it should have been 157 feet.(RR p. 16/1-5). Officer Rhone testified later that there was nothing in his official report about stopping the Appellant for following to close to the car in front.(RRp.65/22-25;p. 66/1-5; p.66/6-14). Officer Rhone testified that while he was on the side of the road he did not observe the Appellant following to close or his license plate being obstructed. (RR p.62/7-22).*Texas Transportation Code* sec.504.945. He testified that he started up after the Appellant because he was curious as to two clean cars that did not have Texas plates.(RR, 63/2-9). He testified that when he pulled on to the road because the car was clean this was not probable cause to stop the Appellant(RR.p.79/17-25; 80/1-

2

6).When officer Rhone stopped the Appellant he could smell air freshner and the car was clean (RR p.17/16-22;18 p.18/2-5). His testimony was that after the stop he could see that the plates were from Ohio (RR. P.16 /15-21. Officer Rhone testified that the Appellant said that the license plate bracket came from the dealer the way it was.(RR p. 51/5-25; 52/1-5). Appellant grandfather Mack Woodard testified that he bought the car in 2013 and that the license plate frame came from the dealership where it was installed.(RR. P. 101/ 2-25).

While talking to the Appellant officer Rhone testified that he was getting his warning started.(RR. P. 25/ 11-15). Officer Rhone had testified while talking to the Appellant he told the Appellant that he would get a warning but he said at that time he had not written the warning.(RR. P.20/15-180).

## V.    SUMMARY OF THE ARGUMENT

**A.**    The Appellant had the right to proceed down Interstate 30 in Hunt County, Texas free from a stop by the Texas Department of Public Safety since the State of Texas should recognize *Ohio Revised Statutes* 4501 et. seq. which allows and does not prohibit the type of bracket placed on the vehicle Appellant was driving by the dealer and used to secure the Appellants Ohio license plate under Article 4 section

1 of the "*full faith* and *credit* clause" of the United States Constitution. The stop of the Appellant was unreasonable and unreasonably pretextual.

**VI.    B.**    Appellant was detained and question beyond the reasonable time it took or should have taken to issue a warning ticket for what the Texas Department of Public Safety said was a violation of traveling to close to the car in front and an obstructed license plate under Texas law and thus any and all contraband as a result of the stop and search should have been suppressed. *Rodriquez* v. *United States*, 575 U.S. ___(2015)

## VII.    ARGUMENT AND AUTHORITIES

A.    The standard for review as to whether the trial court erred in admitting or denying to admit evidence is a 2007 case styled *Walters* v. *State*, 247 S.W. 3d 204,217(Tex. Crim. App. 2007) where the court laid out the principle that a reversal of a case cannot be had from a trial court's decision to either admit or deny to admit evidence unless the trial court decision lies "outside the zone of reasonable disagreement".

The Appellant was stopped by DPS officer Zane Rhone for following to close and not being able to read the name of the state on the license plate(RR p.12/21-25;p. 13/1-4;13/ 5-12. Officer Rhone testified that the Appellant was following to close to keep to come to come to a stop from colliding.(RR p. 13/23-25; p.14/1-2; 14/3-

4

25.His testimony placed the Appellant at 40 feet from the car in front when it should have been 157 feet(RR p.16/1-5.However officer Raine further testified that there was nothing in his official report of the incident at bar about the Appellant following to close to the car in front(RR p.65/ 22-25; p.66/1-5;66/ 6-14). He also testified that while he was on the side of the road he did not observe the Appellant following to close or his license plate being obstructed.(RR p. 62/7-22). The state therefore did not sustain their burden with respect to following to close as probable cause to stop the Appellant under *Texas Transportation Code* section 545.062. In *Ford* v *State,* 156, S.W.3d 488 (Tex. Crim. App. 488, 493-494) the court held that there had to be more than such statements of conclusion in order to justify a stop for the reason of following to close.

Officer Raine testified that he started up to follow the Appellant because he was curious as to two clean cars that did not have Texas plates.(RR p. 63/2-9). The officer testified further that he pulled upon the road because the car was clean but this was not probable cause to stop the Appellant (RR p. 79/ 17-25; 80/1-6). The officer went on to testify that after pulling the Appellant over he could see that the license plate was OHIO. According to officer Raine the Appellant told him that the license plate holder plate came the way it was from the dealer.(RRp.51/5-25; 52/1-5). Appellants grandfather Mack Woodard confirmed this by testifying that the license plate frame came from the dealer where it was installed.(RRp.101/ 2-25).

Under *Ohio Revised Statutes* sections 4501; 4503.19-22;4513.02 there are no obstructive plate restrictions on Ohio license plates dealing with holder or frame and the Ohio law was complied with at the dealership(RR p.51/5-25;52/1-5). When considering the evidence from Officer Raine as well as the Appellants grandfather Mack Woodard the Appellants argues that the state of Texas should be obligated to follow Ohio law under the "*full faith* and *credit clause*" of the United States Constitution. In determining when an investigative stop is unreasonably pretextual, the proper inquiry is not whether the officer could validly have made the stop but whether the officer under the same circumstances a reasonable officer would have made the stop in the absence of an invalid purpose. *United States* v.*Smith*, 799 F2d 704, 708( 11th Cir. 1986).When the testimony and reasoning of officer Raine is considered in its entirety the stop is and was unreasonably pretextual and thus unreasonable.

**B.** The court erred in admitting and considering the evidence of the search as well as the contraband. The stop in the instant case was much like the stop in *Terry* v. *Ohio*, 392 U.S. 1 (1868). In the case at bar we are dealing with the tolerable duration of a police inquiry in a traffic stop context as determined by the seizure's mission—to address the traffic violation that warranted the stop. *Caballes* v. *United* States, 405 U.S. 405 at 407. *In United States v. Sharp,*470 U.S 675,685(1985); *Florida* v. *Royer*, 460 U.S. 491,500(1983).Where the scope of the

detention must be carefully tailored to the underlying justification. This is only because the purpose of the stop may last longer than necessary to effectuate the purpose. This was not done in the case at bar. Officer Zane Raine of the DPS when talking to the Appellant told the Appellant he would be getting a warning but had not yet written out the warning.(RR. P. 20/15-18). Later while talking to the Appellant officer Raine got the warning started.(RR. P. 11-15). Officer Raine had ample time to complete the warning but did not do so. The authority for officer Raine's seizure of the contraband ended before he searched and seized the contraband because of his delay in completing the task incident to the issuance of the traffic warning ticket. The case at bar is similar to where the court said in *United States* v. *Sharp*,470 U.S. 675 at 686 where the court said that the authority for the seizure ends when the tasks tied to the traffic infraction are—or reasonably should have been completed. The fact that officer Raine noticed that the car was clean of smelled of air freshner (RR. P.17/15-22;p.18/ 2-5) does not justified a prolonged stop time wise. Officer Raine admitted so as he pulled unto the road when he saw the Appellant's vechile.(RR. 79/17-25); 80/1-6). The court laid out in *Caballes*, 543 U.S. at 408 that beyond determining whether to issue a traffic ticket, an officer's mission includes "ordinary inquires incident to the traffic stop. These were set out in *Delaware* v. *Prause*, 440 U.S. 648, 659-660(1979) and included inquires involving checking driver's license, determining whether there are

outstanding warrants against the driver, and inspecting the automobile's registration and proof of insurance.

In the case at bar all this was done and there was no reason or probable cause for delay to justify a search and seizure of contraband. For these reasons the contraband evidence should have been suppressed and not admitted into evidence and considered by the court under the 4th Amendment to the United States Constitution as well as the case of *Rodriguez* v. *United States*, 575 U. S. ___(2015).

**VIII**.

**Conclusion and Prayer**

For the reasons stated in the Appellants Brief the Appellant requests this Court to REVERSE the conviction and sentence of the defendant Brian Woodard and order an acquittal or in the alternative remand the case to the trial court for a new trial.

Respectfully submitted,

By:/s/Charles E. Perry
1101 Main Street
Commerce, Texas 75428
State Bar No. 15799700
Tel:903-886-0774
Fax:903-886-2043

CERTIFICATE OF COMPLIANCE WITH T.R.A.P.9.4(1)(3)

Relying on Microsoft Word count feature used to create the Reply Brief of the Appellant, I certify that the number of words contained in this brief is 2303 and the typeface used is 14 font.

Certificate of Service
I certify on the 25th day of May, 2015, a true and correct copy of the foregoing was delivered by email and to counsel for the state of Texas, Hunt County District Attorney's Office at the Hunt County Courthouse located at 2500 Lee Street in Greenville, Hunt County, Texas by Charles E. Perry, Counsel for the defendant Brian Woodard.

/s/ Charles E. Perry